WEATHERSBY *v.* STATE.

(Division B. April 10, 1933.)

[147 So. 481. No. 30508.]

R. E. Bennett, of Meadville, for appellant.

W. D. Conn, Assistant Attorney-General, for the state.

Argued orally by **R. E. Bennett**, for appellant, and **W. D. Conn, Jr.**, for the state.

**Griffith, J.**, delivered the opinion of the court.

The only eyewitnesses to this homicide were the appellant and his wife. According to their testimony a case of self-defense was sufficiently made out, as against which the state argues that there are physical facts which contradict them. It has been for some time the established rule in this state that where the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge. Houston v. State, 117 Miss. 311, 78 So. 182; Patty v. State, 126 Miss. 94, 88 So. 498; Wesley v. State, 153 Miss. 357, 120 So. 918; Walters v. State, 153 Miss. 709, 122 So. 189; Gray v. State, 158 Miss. 266, 130 So. 150.

It is perhaps not worth while now to elaborate upon the several principles which sustain the rule found in those decisions. The doctrine mentioned is completely established, and those who over a long period of time are experienced in the observation of nisi prius trials will with general accord agree that the performance of the duty by this court to maintain that doctrine without departure therefrom, and firmly where the record requires it, will attain the ends of justice in more cases than if the rule were otherwise or were relaxed. Not only in this case did the testimony of the defendant and his wife make out a case of self-defense, but there were pertinent circumstances which corroborated them, besides which it was shown without contradiction that the reputation of the deceased in the community for peace and violence was bad.

The only distinct contradiction of appellant's version of the killing was some evidence by the state that the shot went through some growing corn in such a manner as to have shown that the defendant could not have been at the point where he said he stood and the deceased at the point where appellant placed him. Other witnesses for the state corroborated in this particular the locations insisted upon by appellant. As we see it, under this particular record, these differences are in detail and not in controlling substance. The appellant and his wife, particularly the latter, appeared to have been considerably frightened as the deceased, who had already been to the home of appellant a few moments previously, at which time he threatened both of them with death, and was particularly abusive to appellant's wife, again approached their home with a pistol and with renewed threats had arrived within a few feet of the residence when he was shot by appellant. Thus, as would be expected, there are some minor discrepancies in the testimony of the husband and wife, which rather strengthens their testimony than weakens it, because this evidences the absence of a previously prepared and agreed story on their part.

Upon a careful examination of the whole record and taking it by the four corners, we have come to the conclusion that the peremptory instruction for appellant should have been granted.

Reversed, and appellant discharged.