GRIFFIN *v.* STATE.

(In Banc.  May 14, 1945.)

[22 So. (2d) 157.  No. 35777.]

C. A. Bratton, of Oxford, and A. M. Mitchell, of Pontotoc, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

Argued orally by **C. A. Bratton**, for appellant, and by **R. O. Arrington**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Appellant was convicted of murder and sentenced to the penitentiary for life. On this appeal he contends, first, that his request for a peremptory instruction should have been granted; and, second, that the verdict of the jury was erroneously received by the trial judge in the absence of appellant's attorneys.

His request for a peremptory instruction is grounded upon the contention that his wife was the only eyewitness, aside from himself (he did not testify), and that her testimony shows that he acted in self-defense and that her evidence is reasonable and is not contradicted by other witnesses, nor by the physical facts; and, under the rule announced in Weathersby v. State, 165 Miss. 207, 147 So. 481, he should be discharged. We deem it unnecessary to detail the testimony. It is sufficient to say that we have carefully read and considered it, and that the evidence of Mrs. Griffin is contradicted in material respects by the physical facts and by other witnesses, and by what she herself told others. In fact, her testimony itself, considered all together and properly analyzed, justifies the verdict of the jury.

On the second question, learned counsel for appellant cites no authority in support of their contention that it

was reversible error for the trial judge to receive the verdict in the absence of his counsel. The order of the trial judge overruling a motion of appellant for a new trial, one ground of which was the contention now under consideration, recites that counsel for appellant were voluntarily absent from the courtroom when the verdict was returned and that the trial judge himself polled the jury. The defendant was present. He did not object to the verdict being received nor did he request the court to send for his attorneys. It was not error for the trial judge to receive the verdict in the absence of counsel for defendant under these circumstances. Schwartz v. State, 103 Miss. 711, 60 So. 732.

Affirmed.