ROBINSON *v.* STATE.

In Banc. Feb. 14, 1949.

(38 So. (2d) 723)

Henry & Barbour, for appellant.

R. O. Arrington, Assistant Attorney General, for appellee.

**Montgomery, J.**

Willie Robinson was convicted on a charge of manslaughter by the Circuit Court of Humphreys County and sentenced to a term of five years in the State Penitentiary. From this judgment he appeals here.

At the conclusion of the evidence in the court below the defendant requested an instruction that the jury could not convict of murder and also requested a peremptory instruction to find him not guilty. Both instructions were

refused by the court. Defendant made a motion for a new trial, after conviction, setting up the refusal of the court below to grant the above mentioned instructions, that the verdict of the jury was against the overwhelming weight of the evidence and also other grounds that merge into and become factors in the consideration of the above mentioned grounds. The motion for a new trial was overruled.

It is urged here with much vigor that the verdict of the jury was against the overwhelming weight of the evidence and this argument is based upon the rule of law announced in Weathersby v. State, 165 Miss. 207, 147 So. 481, and followed in Henderson v. State, Miss., 180 So. 89 (not reported in State Reports), and Westbrook v. State, 32 So. (2d) 251, to the effect that where the defendant or defendant's witnesses are the only eye witnesses to the homicide their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.

It is contended by the defendant that the witnesses introduced by the state do not contradict or discredit the testimony of the defendant and his corroborating eye witnesses to the effect that the defendant stabbed the deceased in self defense. But the undisputd evidence shows that this killing occurred at a crap table, five feet wide by nine feet long, at the end of which the deceased, Jeff Smith, was standing and on the side of which, near the middle, the defendant was standing, when the trouble began. It is also the undisputed evidence that the defendant advanced on the deceased, around the table, and when he struck the mortal blow he did so by reaching around another negro, who was between them, and striking the deceased with his knife just below the left nipple. Realizing that the defendant's plea was self defense and that he contends it was necessary to kill the deceased to protect himself from death or great bodily harm at the

hands of the deceased, who held in his hand a knife which he was attempting to open, the jury might well have wondered how this knife in the hands of the deceased constituted such a real or apparent danger to the life and limb of the defendant, with a table and a crowd of people between them, rendering it necessary for the defendant to part the crowd in his effort to get to the deceased and finally to reach around another negro to inflict the death wound. ██ The physical facts here contradict the defendant in his testimony that he was in danger of death or great bodily harm at the hands of the deceased and that it was necessary for him to strike in self defense. This case appears very similar to Criss v. State, Miss., 30 So. (2d) 613. The version of the defendant and his witnesses is palpably contradicted by the physical facts. In Murray v. State, Miss., 32 So. (2d) 789, this Court declined to apply the doctrine of the Weathersby case for the reason that the defendant's version was contradicted by the physical facts and what was said there applies with equal force in the case at bar.

The Court did not err in refusing to grant the instructions complained of nor do we think the verdict of the jury to be against the overwhelming weight of the evidence.

The decision of the court below will be affirmed.

Affirmed.