## METTS *v.* STATE.

No. 39319 November 15, 1954 75 So. 2d 722

*Howard Dyer, Jr.,* Greenville, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellant, Will Metts, was indicted for the murder of Henry Ratliff, was convicted of manslaughter, and sentenced to serve ten years in the State penitentiary.

The only assignment of error is that the court erred in denying appellant's motion for a new trial on the ground that the verdict of the jury was against the overwhelming weight of the evidence. It is contended that appellant's version of the killing, which was self-defense, must be accepted as true under the rule announced in the case of Weathersby v. State, 165 Miss. 207, 147 So. 481, for the reason that he was the sole surviving eye witness to the killing, and his testimony was reasonable and was not substantially contradicted in material particulars by witnesses for the state, or by the physical facts, or by the facts of common knowledge.

In appellant's brief, it is stated: ''The appellant is corroborated by all of the witnesses for the state in the statement that he walked out of the house and onto the porch first, and that the deceased followed him out there. There is not a shred of evidence that the appellant asked the deceased outside, or had any intention of harming the deceased as he walked out of the door . . . .''

The witnesses for the State testified that the appellant walked out of deceased's house onto the porch and that the deceased followed him out there, and was shot and killed by the appellant. The appellant's testimony on direct examination is, in part, as follows:

''A. I had my hand on the door and Henry (the deceased) had me in the collar and was carrying me on the porch and I said, 'look out Pop!' and he hit me just like this (indicating) and the gun went off and

jerked me back like this (indicating) and Odell run out and said, 'Come help me get him to the doctor.'

"Q. What did he say to you?

"A. He grabbed me and told me, '. . ., I told you not to start nothing here' and I said, 'Don't do that Pop! Don't do that Pop!' and he went for a gun and I shot from my belt. I was just lucky to shoot him with the gun in my belt like that."

On cross-examination, he testified as follows:

"Q. When he went to his trunk, did he put his hand on the trunk?

"A. He put his hand like that (indicating). I said 'Come on man, let's go,' and I looked back and Henry was right there. He grabbed me on the inside of the door and I said, 'Look out Pop!'

"Q. That was still in the living room when he grabbed you where the other people were?

"A. Yes, sir.

"Q. You pulled him on across the porch?

"A. Yes, sir.

"Q. And shot him about the time you got to the steps?

"A. Yes, sir. It was done just like that (indicating)."

The appellant, by his testimony, contradicts all of the witnesses in the case as to the facts that took place immediately prior to the killing. This case does not come within the rule as announced in the Weathersby case, supra.

 We find that his testimony is not only contradictory but that it is unreasonable and conflicting, and we are of the opinion that there was ample evidence to sustain the verdict of the jury, and that the court committed no error in overruling the appellant's motion for a new trial.

Affirmed.

*Roberds, P. J.,* and *Kyle, Ethridge,* and *Gillespie, JJ.,* concur.