## Tate *v.* State

No. 40108          May 14, 1956          87 So. 2d 295

*A. M. Warwick, Albert Sidney Johnston, III,* Carthage, for appellant.

*John H. Price, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Lee, J.

This is an appeal by Howard V. Tate from a conviction of murder and a life sentence in the penitentiary on account of the killing of his stepson, Buddy Leflore, a seventeen year old boy.

On August 14, 1955, about night, a quarrel arose between the defendant and his wife, Louise, whom he had married about four months previously. He called her a lie, or a hot lie, and she struck or pushed him with a broom, and ran out of the house. According to Eddie Lee Leflore, a son of Louise by a former marriage, his brother, Buddy, said, as his mother left the house, that he hoped she would never come back; that defendant told him to keep out of their business as he was nothing to it; and that he would blow his brains out. The defendant then went out of the house, carrying two shotguns. Shortly afterward, the witness heard the defendant beating his mother and heard her call to Buddy for help. Buddy then went out of the house, having no weapon or anything in his hand. The witness said that he could see through the partly open door on the outside and that the defendant missed Buddy with his first shot, but that the second one hit and killed him. This version was corroborated in part by Devon Stewart, who was also in the house. This latter witness heard the defendant beating the woman with the gun, her call to Buddy for help, his going outside without any weapon, and the two shots.

Sheriff James Mills and a deputy made an investigation shortly after the killing, but they observed no weapons, sticks or anything around the body. The doctor testified that a shotgun wound, about one and a half inches in diameter, penetrating straight through the chest, was the cause of death; and that powder burns around the wound showed that the muzzle of the gun was within six or seven feet of the victim at the time of its discharge.

The State offered a free and voluntary confession of the defendant, in which, among other things, it said that after Buddy came into the yard in response to his mother's call for aid, the defendant levelled the gun on Buddy and told him to stay out of it; that as he and his wife were tussling the gun went off and the load struck Buddy; that he then reloaded the gun, and it went off accidentally again.

Darrell Dickens testified for the defendant that he went to the scene a few minutes after the killing, and that he saw a stick of stovewood near the body of the deceased.

The defendant, testifying for himself, gave this version: He and his wife were in a scuffle; Buddy came up with something in his hand; he pushed his stepson back twice and the gun accidentally discharged and the load hit him; and that he backed up, reloaded the gun, and then it went off accidentally again. He denied as true that part of the confession, where he had said that he levelled the gun at Buddy. On cross-examination, it was disclosed that the lethal weapon had a hammer and was in good condition, and would fire only as a result of force by the hammer on the plunger. Defendant also admitted that he was convicted of manslaughter in the State of Michigan in 1947, and that he had returned to Mississippi in December 1954.

From the foregoing statement of facts, it is obvious that the appellant was not entitled to his requested peremptory instruction; and that the principle in Weathersby v. State, 165 Miss. 207, 147 So. 481, and the cases which follow it, has no application here.

Neither was the verdict against the great weight of the evidence.

■■ ■ Under the facts and circumstances of this case, both guilt and the grade of the homicide were for the determination of the jury. Goldsby v. State, (Miss.) 78 So. 2d 762, and authorities there cited. Consequently

the trial court did not err in refusing to limit the homicide to manslaughter.

As a matter of fact the State requested and was granted an instruction which defined manslaughter. The defendant also obtained an instruction that if he used greater force than was necessary and acted in the heat of passion, without malice and not in necessary self defense, he would be guilty of no greater crime than manslaughter. In addition, the defendant obtained an instruction that the killing was excusable if it was the result of an accident, etc.

No prejudicial error appears in the record and the cause is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.