CHATMAN *v.* STATE

No. 41736          December 19, 1960          125 So. 2d 531

*Simmerman, Richardson & Faggard,* Pascagoula, for appellant.

846

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGᴇʜᴇᴇ, C. J.

The appellant, Mack Chatman, Jr., was tried and convicted of murder and sentenced to serve a life term in the State Penitentiary. From that judgment and sentence he prosecutes this appeal and assigns three grounds

as error which he contends entitle him to a reversal of the case.

The first two assignments of error involve the issue of whether or not the appellant was entitled to a directed verdict. The other assignment of error involves the trial court's refusal to grant the appellant the usual two-theory instruction which would have required the jury to adopt the theory most favorable to the accused in the event there were two theories arising out of or from the lack of evidence. But this Court has held that such an instruction should be given only where the evidence is circumstantial.

It appears that Mose White and his wife, Ethel Mae (Squirrel) White, were in the habit of fighting each other and on the night in question they were engaged in a fight in front of a juke joint operated by Mack Chatman, Sr., the father of the appellant. The appellant, who was related to Mose White's wife, was seen to go to where Mose and his wife were fighting and where she was screaming and hollering for help and hit him once in the back. None of the witnesses for the State saw a knife in the appellant's hand at that particular time, but after striking Mose White in the back, the appellant ran a few feet away and fell down. When he fell, the State's witnesses saw that he had a knife in his hand and they so testified.

Mose White was also running from the scene, but in another direction at the same time, and of course there was no occasion for the appellant to remove a knife from his clothing and open it in his hand while running away from the scene and while Mose White was also running in another direction. The jury, therefore, had the right to believe from the circumstances that the appellant had stabbed Mose White with the knife when he admittedly struck him hard in the back at the scene of the fight.

Moreover, Mose White ran some distance to near his mother's house, fell on his face and was later found there dead after his back had bled profusely.

Then, too, when the officer, Mr. Carl Wilson, arrived at the place of business of Mack Chatman, Sr., the appellant stepped forward in the presence of a number of witnesses and handed the said officer a large and long-bladed knife and stated to the officer that, ''I cut Mose White hard,'' and surrendered the knife to the said officer. Mack Chatman, Sr. corroborated the testimony of the officer to that effect, and the said witness further stated that the appellant said that he had cut Mose White and asked the witness for a gun in order to finish killing him. At that time the appellant did not know that Mose White was dead.

While the officer was carrying the appellant, his wife, and his father to jail, he received a call in regard to Mose White and he forthwith went to the scene in an automobile accompanied by the appellant, his wife and his father and found that Mose White had been mortally wounded. The appellant thereupon inquired of the officer as to how Mose White ''was doing'' and the officer replied that ''in my opinion, he is dead.''

Thereupon the officer says that the appellant changed his story, stating in substance that when I told you that I cut Mose White, I said it to protect his wife. The appellant then gave two written statements to the officer about the matter.

Two knives were introduced in evidence and the blade of one of them was nearly five inches long and the blade of the other was two and one half or three inches long. A helper at the undertaking establishment testified that the wound on Mose White's back was, in his opinion, capable of producing death and was evidently inflicted by the larger knife, and we think that the jury was warranted in believing that it was made by the larger knife.

Ethel Mae (Squirrel) White, wife of the deceased, made contradictory statements in regard to the cutting of Mose White, stating in one of them that she

did not cut him on the back but that she did cut him
on the arms and on the lip. These wounds do not appear
to be capable of producing death, but Ethel Mae gave
a later statement in which she stated that she stabbed
Mose in the back during the fight. We think that the
conflict in the statements of the appellant and of Ethel
Mae (Squirrel) White was so contradictory and incon-
sistent one with the other that the facts in the case pre-
sented a typical case for the determination of the jury;
that the verdict is not contrary to the overwhelming
weight of the evidence but is ample to sustain the ver-
dict.

The case is not one of circumstantial evidence
but one where eyewitnesses saw the appellant when he
struck Mose White in the back, and although they didn't
see the knife at that time, they did see it in the hand
of the appellant after he ran a few feet and fell with
the knife in his hand. We, therefore, do not think that
any reversible error was committed in the court's refusal
to grant the two-theory instruction requested by the ap-
pellant. Nor do we think that the rule in the case of
Weathersby v. State, 165 Miss. 207, 147 So. 481, and
subsequent decisions on the same point are applicable
to the facts in the instant case.

We are of the opinion that the testimony presented
an issue for the determination of the jury and that the
verdict and sentence should be allowed to stand.

Affirmed.

*Lee, Kyle, Holmes* and *McElroy, JJ.,* concur.