HARPER, Justice:
Otha Lee Cook was indicted and convicted in the Circuit Court of Lee County of manslaughter under the culpable negligence statute. Miss.Code 1942 Ann. § 2232 (1956). The indictment charged that appellant did feloniously, through his culpable negligence, kill and slay one Martha King, a human being.
Appellant was found guilty and sentenced to serve a term of five years in the state penitentiary, two years being suspended upon good behavior. The facts disclosed that the deceased, Martha King, a fifteen-year-old girl, and a friend, Effie Lee Goree, were walking along the edge of the pavement of a city street when the car driven by appellant struck the deceased from the rear. There was testimony that the deceased was walking along the shoulder of the paved street in the City of Tu-pelo immediately prior to the accident. However, the only two eyewitnesses, Cro-ger Agnew, a passenger in the car driven by appellant, and appellant, Otha Lee Cook, testified that the deceased jumped in front of the car driven by appellant at a time when appellant’s vehicle was traveling on the paved portion of the street. The record further reflects that the two girls were going to a friend’s house for the purpose of playing records on the record player which was being carried by the deceased.
One of the witnesses for the state testified that he could “smell” intoxicating liquor around the car of the appellant, but would not testify that appellant was drunk. On the contrary, proof offered on behalf of appellant indicated that he had had nothing to drink since 8:00 a.m. and the unfortunate accident occurred about 1:15 p.m. on a Sunday.
While the members of this Court have no patience whatever with or sympathy for a drunken driver, there was no evidence here from which a jury could'possibly find that appellant was drunk at the time of this tragic accident, nor is there any evidence that he was incapable of operating his automobile in a safe and careful manner. The state has the burden of showing beyond a reasonable doubt that the appellant was guilty of such culpable negligence as to justify a conviction of manslaughter.
On the basis of the record in this case, it is doubtful that the facts here disclosed were sufficient to make out a case of simple negligence in a civil action where such negligence must be shown by a preponderance of the evidence. There were only two eyewitnesses, both of whom testified that the deceased jumped in front of the car driven by appellant at a time when appellant’s vehicle was traveling on a paved portion of the street without any showing of recklessness on the part of appellant prior to or at the time of the accident.
It is the established rule in this state where the defendant or the defendant’s witnesses are the only eyewitnesses to a crime, their version, if reasonable, must be accepted as true unless substantially contradicted in material particulars by a credible witness or witnesses for the state or by the physical facts or by facts of common knowledge. See the cases of Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933) and Seals v. State, 208 Miss. 236, 44 So.2d 61 (1950). On the basis of the record *436 made in this case, the prosecution did not offer any evidence from which it could be inferred that appellant was guilty of culpable negligence of any character in the operation of his vehicle unless the fact of the considerable distance traveled by the vehicle after striking the deceased could be considered controlling. According to the record, the testimony of appellant discloses that he was driving the car in a prudent and proper manner, free of recklessness prior to the accident and when confronted with the emergency created by the deceased jumping or stepping in front of his automobile, appellant endeavored to apply his brakes but inadvertently stepped on the gas pedal and carried the body of the deceased for some distance along the street. If such uncontradicted physical facts were not in the record, the Court would be controlled by the case of Downs v. State, 206 Miss. 831,41 So.2d 19 (1949).
However, the Court is reluctant to discharge the appellant in this case even though the evidence of culpable negligence is meager and barely enough to escape a peremptory instruction. The Court is of the opinion that this case should be passed upon by another jury.
There was only one instruction given on culpable negligence which contained a recitation as to the state’s theory of the case. Although the defendant requested and received instructions on culpable negligence in the abstract, no instruction was requested as to the appellant’s theory of the case.
This is such a close case on the question of criminal liability under the culpable negligence statute that we are of the opinion this case should be decided by another jury under proper instructions, both for the state and the appellant.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, BRADY and SMITH, JJ., concur.