ROBERTSON, Justice,
for the Court:
Johnnie Mae Peterson was indicted by the Circuit Court of Madison County for the murder of Henry Hardin. The jury returned a verdict of manslaughter. She was sentenced to 20 years in the custody of the State Department of Corrections.
The appellant assigns as error:
The trial court erred in not granting appellant a peremptory instruction;
and
The verdict of the jury finding the defendant guilty of manslaughter is contrary to the law and the weight of the evidence.
Around 8:00 P.M. on November 28, 1976, outside Cooper’s Liquor Store in Canton, Henry “Sonny Man” Hardin was killed with one shot from a .32-caliber, five-shot revolver. The bullet entered his left chest, perforated the left lung, and then perforated the aorta. The path of the bullet was almost perpendicular to Hardin’s body. A chrome-plated, five-shot revolver was found about 12 inches from the body. It contained three spent shells and two empty chambers.
Defendant Peterson testified that she and Hardin had been going together for about 4 years, and that Hardin had a key to her home. She stated that they enjoyed a harmonious relationship until Hardin, unbeknown to her, took her pistol from her home. She found out that he had her pistol when he drew it on her around Thanksgiving. She got her house key back from him, but he would not return her pistol.
On November 28 the defendant was working as a cook at “The Scene”, a cafe and tavern in Canton. Hardin arrived about 7:00 P.M. and they talked for a few minutes. Leroy Luckett testified that they were talking in a low tone and did not appear to be arguing. After about 20 minutes, Hardin left and Luckett heard defendant say “she would get Sonny Man before in the morning”.
A little later, defendant got a phone call from her son-in-law, requesting that she come home because the lights were out and her daughter-in-law was scared and might have a miscarriage.
Because it was raining and sleeting, Amos Hamblin agreed to drive her home. On the way home, defendant asked Hamb-lin to stop at a cafe where she saw Hardin’s car. Defendant testified that she wanted to get Hardin “cause he always know how to work that switch box in the storage room”. Hamblin testified:
“She said, ‘I’ll be right back.’ I said, Johnnie, please don’t start anything.”
Mrs. Peterson stated that she and Hardin went outside the cafe to talk and he pulled a gun on her. Although Hardin was a 200-pound man, she said that she snatched it away from him, and that they started tussling, and the gun just went off. During the scuffle, “Sonny Man” Hardin was shot one time in the left chest and she was shot one time, the bullet entering above her right knee and exiting below her right knee. She ran to Hamblin’s car, hollering that Sonny Man was shot and that she was shot. She was taken to the hospital, where her wound was found to be a flesh wound and after treatment she was released. “Sonny Man” was taken to the hospital in an ambulance and was pronounced dead on arrival.
Charles Blount, an 18-year-old boy, testified that he was in a phone booth about 3 yards from Mrs. Peterson and Hardin. Blount testified:
“I heard Mrs. Peterson say, ‘go on, go on Sonny Man, I’m goin’ in my purse and get a cigarette.’ ... He said, ‘naw, Johnnie,’ he said, naw, that’s all I heard.”
Blount stated that they were fighting when he heard some shots. Blount saw Hardin fall and noticed that the defendant had “something shiney in her hand”. On cross- *1171 examination he testified that defendant said “Go on Sonny Man, leave me alone”, and that Hardin was swinging when the shots were fired. Blount said he heard three shots and two snaps and did not see who had the gun during the struggle.
Defendant contends that the rule announced in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933) should apply. That rule is:
“[W]here the defendant or the defendant’s witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.” 165 Miss. at 209, 147 So. at 482.
We are of the opinion that the Weathers-by rule would not apply in this case because the defendant’s version is substantially contradicted in material particulars by credible witnesses for the State, and also by the physical facts and by the facts of common knowledge. Also there is both direct and circumstantial evidence in this case.
The defendant would have the Court believe that even though she and “Sonny Man” Hardin were outside in the sleet and rain that she opened her purse just to get a cigarette; that although Hardin weighed 200 pounds and she weighed 161 pounds, she took the pistol away from Hardin when he pulled it on her; and that somehow during their struggle by accident the pistol was fired five times. Although defendant testified that she knew Hardin had taken her pistol some several days before the shooting, she had not reported the theft nor had she made any lawful attempt to recover her pistol.
Luckett testified that she said “she would get Sonny Man before in the morning,” and Amos Hamblin testified that when Johnnie Peterson asked him to stop the car so she could go in the cafe and get Hardin he said, “Johnnie, please don’t start anything”.
The testimony is clear that she had threatened to get Hardin and that she had sought him out.
The jury who heard the testimony and observed the demeanor of the defendant and each witness was certainly justified in finding the defendant guilty of manslaughter beyond a reasonable doubt. While the sentence of 20 years seems rather severe, the trial judge also heard and observed the defendant and each witness. The court might well have thought that the jury could have returned a verdict of murder, instead of manslaughter.
We find no reversible error in the record and the verdict and sentence are, therefore, affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.