JOE N. PIGOTT, Commissioner for the Court:[1]
The appellant was tried in the Circuit Court of Lafayette County on a charge of murder, the jury returned a verdict of guilty of manslaughter, and appellant was sentenced to eighteen (18) years with six (6) years of the sentence suspended.
Although the appellant filed eighteen assignments of error, it is only necessary that one assignment be considered as this case must be reversed.
The appellant and Willie Lee Woodall were first married in 1970, were divorced, and remarried in 1974, a marriage that existed in turmoil and concluded in tragedy.
There was testimony that the deceased, Willie Lee Woodall, had a recurring thirst for intoxicating liquors which he regularly quenched, becoming odious and violent toward his wife on such occasions.
On Sunday, January 25, 1976, Willie Lee Woodall insisted that appellant get out of her house. He choked her, dragged her by her hair from the bedroom to the kitchen sink and held her head under running water, stopping only in response to pleas of her young son.
During the next week the deceased made several threats to kill the appellant. On Saturday morning, January 31, 1976, Willie Lee Woodall left the home about 8:00, and together with some friends consumed four six-packs of beer and at about 2:00 p. m. returned to the house with a bottle of wine. He entered the house, spoke to the appellant and her father, Joe L. Thomas, who were in the living room, and proceeded to the bedroom.
The appellant went to the bedroom to talk with Willie Lee Woodall. The bottle of wine was on a dresser behind Willie Lee. Appellant testified that she told Willie Lee that they needed groceries bought and bills paid. Willie Lee replied that he would not buy groceries or pay bills. Appellant then told Willie Lee that he would have to leave her house if he was not going to buy groceries or pay bills.
Willie Lee struck the appellant on her chest with his fist, shoving her against a chest of drawers, and told her he was going to kill her. Willie Lee moved backward and, fearing that Willie Lee would grab the wine bottle and kill her with it, the appellant grabbed a knife from on top of the chest of drawers. Willie Lee rushed at her, she dropped the knife and they both struggled for the knife. She got the knife and struck at Willie Lee with the knife. Willie Lee called to her father, Joe L. Thomas, “Joe Lewis, come here. Jo Ann done stuck me.” They continued to struggle onto a bed with Willie Lee gaining a hold on the knife. Joe L. Thomas went to the bedroom door and saw the appellant on the bed with Willie Lee on top of her, both had a hold on the knife. Joe L. Thomas left to go and call law officers.
The appellant and Willie Lee ceased their struggle and she ran through the house hollering for help while Willie Lee collapsed onto the floor of the bedroom.
Two men responded to the call for help and assisted the appellant in getting Willie Lee into her car. She drove Willie Lee to the hospital where he died as a result of one stab wound above the right collarbone.
If there were a contradiction in the version of the defendant as to the location of the wine bottle when she thought that Willie Lee was going to grab it and the location of the wine bottle when the sheriff arrived on the scene, such contradiction was not a material discrepancy.
The sheriff’s description of the room, the testimony of Joe L. Thomas and the wound on the body of the deceased were consistent with the version of the events given by defendant.
The version of the defendant as to the events was reasonable and was not contradicted in any material particular by any witness, physical fact, or by any fact of common knowledge.
*1315 Mississippi Code Annotated, Section 97-3-15 (1972) provides, in part:
The killing of a human being by the act, procurement, or omission of another shall be justifiable in the following cases:
(e) When committed by any person in resisting any attempt unlawfully to kill such person or to commit any felony upon him, or upon or in any dwelling-house in which such person shall be;
(f) When committed in the lawful defense of one’s own person or any other human being, where there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished .
In Wilson v. State, 199 So.2d 445 (Miss.1967), the Court reaffirmed the rule announced in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933), wherein it was stated:
Where the defendant or the defendant’s witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.
165 Miss. at 209, 147 So. at 482.
In the case of Cassidy v. State, 233 So.2d 122 (Miss.1970), the alleged discrepancies in the testimony were found to be insufficient to overcome the presumption of innocence and the testimony of the defendant showing self-defense.
In Childs v. State, 240 So.2d 611 (Miss.1970), no motive for the shooting was suggested save that testified to by Childs that he fired in necessary self-defense. His version of the occurrence was not so intrinsically unreasonable as to require its rejection in the absence of countervailing evidence, nor was it inconsistent with the physical facts in evidence or with matters of common knowledge.
Cummings v. State, 271 So.2d 407 (Miss.1972) applied the rule in Weathersby v. State, supra, and cited Lee v. State, 232 Miss. 717, 100 So.2d 358 (1958) in holding the killing justifiable in self-defense.
In Dew v. State, 309 So.2d 857 (Miss.1975), the Court applied the rule of Weathersby v. State, supra, in holding the homicide excusable as an accident.
In this case, the version of the defendant, the sole eyewitness, was reasonable and was not contradicted in any material particular by any witness or by physical facts or by facts of common knowledge. •
We, therefore, hold that this case must be reversed and the defendant discharged.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.