WALKER, Presiding Justice,
for the Court:
Henderson Braxton was indicted for rape and tried by the Circuit Court of Union County. Braxton waived the right to trial by jury, and, upon hearing all the evidence, the trial judge found him guilty as charged and sentenced to forty (40) years with the Mississippi Department of Corrections. He appeals his conviction and sentence. We affirm.
Late on the evening of May 6, 1983 or very early the following morning Mrs. Helen Hill of New Albany was awakened by an intruder on top of her in her bed fumbling with her pajama top. Mrs. Hill, an eighty-two (82) year old widow, was brutally beaten and then rendered unconscious by a pillow placed over her face. When she awoke she at first thought it was a horrible dream but then discovered blood on her bed and pajamas. Mrs. Hill was taken to Union County Hospital where she was examined. The result of the examination was a determination that Mrs. Hill had been raped.
The local and state police investigated the crime scene and found several latent finger and palm prints at the scene. The fingerprints were sent to the Mississippi Crime Lab along with the known fingerprints of several suspects. The prints matched those of Henderson Braxton.
Braxton was arrested on May 11, 1983. He initially denied any knowledge of the crime. Later, he claimed that he had been at the house several weeks before the crime. When he was confronted with the fingerprint evidence, Braxton made a voluntary statement in which he admitted being at the home on the night in question but implicated Kelvin Howell in the rape. Howell is a first cousin of the appellant *301 who had been visiting from Des Moines, Iowa the weekend of the crime.
Braxton was initially indicted for burglary and entered a plea of guilty. Kelvin Howell was indicted for rape and extradict-ed from Iowa but was later released from custody and discharged.
The appellant was indicted on a charge of rape on February 22, 1984.
At trial appellant again admitted that he was in Mrs. Hill’s bedroom the night of the crime but denied raping her. He continued his argument that someone else committed the rape. Physical evidence placing the appellant at the scene was also introduced. There was no physical evidence that a second person was in Mrs. Hill’s home that night. The trial court’s verdict was more than amply supported by the evidence.
Contrary to appellant’s argument, the Weathersby Rule does not apply in this case. The rule, found in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933), states that if the defendant or his witnesses are the only eye witnesses to a murder, then their version must be accepted, unless contradicted in material particulars by credible witnesses, physical facts or facts of common knowledge. In this case, which was not a murder case, the appellant was not the only eye witness and his testimony was contradicted by physical evidence and by Mrs. Hill’s testimony, even though Mrs. Hill could not identify her attacker.
Appellant asserts other arguments but they are without merit and warrant no discussion.
Appellant’s conviction of rape and sentence will be affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.