# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KA-00904-SCT

*ANDREW SMITH, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/15/93 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY R. BALDUCCI |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOLENE M. LOWRY |
| DISTRICT ATTORNEY | LAWRENCE L. LITTLE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 2/13/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

Andrew Smith, Jr., was indicted for the murder of his father, pursuant to Miss. Code Ann. § 97-3-17 (1) (a), on October 16, 1992. He was convicted of murder by a jury in the Circuit Court of Lafayette County on July 14, 1993. Smith was then sentenced to life imprisonment. He subsequently filed a Motion for JNOV or in the Alternative a New Trial. This motion was denied by the trial court, and Smith now appeals the conviction.

For this Court's review, Smith raises the following three issues:

1. Whether the trial court erred when it overruled the Defendant's objection and admitted character evidence of the victim offered by the prosecution;

2. Whether the trial court erred when it overruled the Defendant's Motion for Acquittal and Motion for New Trial based on the *Weathersby* Rule, when the same were made at the close of

the State's case, at the close of all the evidence, and in post trial motions; and

3) Whether the trial court erred when it overruled the Defendant's Motion in Limine to exclude prejudicial, inflammatory photographs, and when it overruled the Defendant's objection to those photographs during trial.

## DISCUSSION

### I. DID THE TRIAL COURT ERR BY OVERRULING THE DEFENDANT'S OBJECTION AND ADMITTING CHARACTER EVIDENCE OF THE VICTIM?

During the State's case-in-chief, Alfred Tyson, a neighbor and distant relative of the victim, was called to the stand. On re-direct examination, the State asked Tyson if the victim had bought the defendant gifts and given him support. The defense objected and this objection was sustained. Later, during re-direct, the prosecutor asked Tyson if the victim had done "good things" for the defendant. The defense objected on the basis of M.R.E. 404 that prohibits instances of bad conduct. The objection was overruled, and Tyson was allowed to answer. Tyson testified that the victim had done good and fatherly things for the defendant.

Smith argues that M.R.E. 404(a)(2) controls the introduction of character evidence of a victim. The prosecution may introduce such evidence, but only after such evidence meets two requirements: (1) the evidence must be offered to rebut character evidence introduced by the Defendant, and (2) it must be pertinent to the case. M.R.E. 404(a)(2).

Smith contends that he did not introduce character evidence of the victim, and the so- called "rebuttal" evidence of the State was not relevant. Smith claims that the evidence he solicited from Tyson -- that the victim previously shot him -- was not character evidence. This evidence, he maintains, shows Andrew, Jr.'s, state of mind and fear of his father. He argues this is permissible pursuant to the Court's holding in *Day v. State*, 589 So. 2d 637, 642 (Miss. 1991). In *Day*, the Court recognized that a defendant may introduce prior acts of a victim in order to show the defendant's state of mind at the time of a homicide. He argues that the evidence about the prior shooting showed one instance -- a specific act at a specific time -- and that one act does not constitute a character trait.

As a related sub-issue, Smith argues that the evidence presented by the prosecution -- that the victim did "good things" for his son -- was not proper rebuttal. Rebuttal evidence is "[t]hat which tends to explain or contradict or disprove evidence offered by the adverse party." *Black's Law Dictionary* 1267 (6th ed. 1990). Smith argues that the victim generally was kind to his son does not explain, contradict or disprove that the victim previously shot him.

Secondly, Smith argues that whether the victim was generous and kind or hateful and stingy is not pertinent to the issues of the case. He asserts that this evidence has nothing to do with the ultimate question of whether Smith murdered his father or acted in self-defense.

The State points out the correct law regarding character evidence of the victim in a murder case. Generally, this type of evidence is not admissible in a murder case except when there is doubt as to who was the aggressor, when the defendant claims self-defense/justifiable homicide. M. R. E. 404(a)(2). Character evidence of the victim in this case was admissible pursuant to M.R.E. 404(a)(2).

Contrary to Smith's argument, the evidence on re-direct is in rebuttal to what was brought out on cross-examination. Smith argues that the evidence of the shooting did not evoke such questions in re-direct. However, the question and answer before the specific shooting instance opened the door for those questions on re-direct. That colloquy follows:

> Q. Do you know of his <u>past history</u> with arguing with Andrew, Jr.?

> A. Well I never heard them argue. Never heard them argue but didn't seem like they got along well because the way they carried theirselves [sic], you know.

(Emphasis added.)

This question explored the relationship between the father and son. Therefore, the State's re-direct would be proper.

Secondly, M.R.E. 401 defines relevant evidence as that evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence which relates to the nature of the relationship between father and son would certainly indicate whether it was more or less likely that the victim would have attacked his son.

## II. DID THE TRIAL COURT ERR IN FAILING TO APPLY THE *WEATHERSBY RULE?*

Smith argues that the trial court erred when it denied his Motion for Directed Verdict of Acquittal at the conclusion of the State's evidence and again at the conclusion of the trial. Asserting the *Weathersby* Rule, he argues that the evidence did not support the verdict of "guilty."

In *Weathersby v. State,* 165 Miss. 207, 209, 147 So. 481, 482 (1933), the Court promulgated this rule:

> [W]here the defendant . . . [is] the only eyewitness to the homicide, [his] version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the State, or by the physical facts or by the facts of common knowledge.

Smith argues that his version of the facts, as the only eyewitness, were not substantially contradicted by the State; therefore, his version of the homicide should be accepted as true.

Smith's version of the facts are as follows: Smith confessed to strangling and burying his father. The pathologist corroborated Smith's version when he testified that the victim died of manual strangulation. Smith testified that he and his father argued and that his father attacked him with a knife. Smith, in self defense, subdued his father by embracing him, and during the struggle, Smith inadvertently strangled his father. Smith, motivated by fear, then buried and concealed his father's corpse in a garden. Two days after the killing, Smith told a neighbor what had happened and then confessed to the police. Smith's version did not change from the time he first asserted it through the trial some fifteen months later.

We have held that a *Weathersby* challenge is essentially a test of the sufficiency of the evidence. *Green v. State*, 614 So. 2d 926, 931 (Miss. 1992). In reviewing such an issue, the Court with respect to each element of the offense will consider all of the evidence -- not just the State's -- in the light most favorable to the State. *Id.* at 932; *Harveston v. State*, 493 So. 2d 365, 370 (Miss. 1986). It is typically the jury's duty to resolve those matters concerning the weight and credibility of the evidence. *Harveston*, 493 So. 2d at 370. The Court will reverse only where the evidence so considered with respect to one or more of the elements of the crime is such that reasonable and fair-minded jurors could only find the accused not guilty. *Green*, 614 So. 2d at 932; *Harveston*, 493 So. 2d at 370. All favorable inferences that may be reasonably drawn from the evidence should be given to the State. *Id.*

In the case at hand, we find that the testimony of the pathologist, that there were bruises and cuts on the victim's right thigh, right arm and about the face, sufficiently contradictory of Smith's theory that he was attacked, and while trying to subdue his father by embracing him, actually strangled him. Reasonable jurors could have determined that Smith beat and then strangled his father to death. In other words there is some doubt as to whether reasonable jurors could only find the accused not guilty. *See Green*, 614 So. 2d at 932. Therefore, we cannot reverse.

In our ruling here, we are particularly mindful of our decision in *Harveston* where we stated:

> We cannot help but be aware that a rational, fair-minded, juror could well have found [the defendant] not guilty. Nevertheless, were we to substitute our view for the jury's, one thing could be said with certainty: the chances of error in any findings we might make would be infinitely greater than is the case were those findings have been made be twelve citizens, peers of the defendant, who are on the trial scene and have smelled the smoke of battle.

*Harveston*, 493 So. 2d at 372 (citations omitted).

Based on the evidence of the pathologist and the jury's domain in our jurisprudence, we hold that the *Weathersby* rule does not apply in this case. *Id*; *Green*, 614 So. 2d at 932.

### III. DID THE TRIAL COURT ERR WHEN IT ALLOWED THE PROSECUTION TO INTRODUCE INFLAMMATORY PHOTOGRAPHS?

At trial, the State introduced photographs of the victim's body along with photographs of the area where the body was unearthed. Smith maintains that the trial court erred when it denied his motion in limine to exclude inflammatory photographs and again when it overruled Smith's objections to the photographs at trial. Smith argues that the photographs served to prejudice the jury in a case where the State had only marginal evidence supporting a murder conviction.

In support of his position, Smith cites *McNeal v. State*, 551 So. 2d 151, 159 (Miss. 1989), where this Court reversed the lower court for admitting into evidence prejudicial photographs. In *McNeal,* the lower court admitted several gruesome and shocking photographs of the victim's nude and partially decomposed body into evidence. We held in that case that three of the photographs were gruesome and lacked any evidentiary purpose. *Id.*

On reviewing the admissibility of photographs, we have held that this decision rests within the sound

discretion of the trial judge and that judge's decision will be upheld absent abuse of discretion. However, photographs that are gruesome and inflammatory and lack an evidentiary purpose are always inadmissible as evidence. *McFee v. State,* 511 So. 2d 130, 135 (Miss. 1987).

We have studied the photographs submitted and conclude that, while they have little probative value, they are not so gruesome or inflammatory as to find an abuse of discretion on the part of the trial judge.

**CONVICTION OF MURDER AND SENTENCE TO SERVE THE REST OF HIS NATURAL LIFE IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**