IN THE SUPREME COURT OF MISSISSIPPI
NO. 96-KA-00076-SCT

*MARVIN McCLENDON a/k/a MARVIN TERRELL McCLENDON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/09/95 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTHONY J. BUCKLEY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | JEANNENE T. PACIFIC |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 4/30/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/27/98 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## I. INTRODUCTION

¶1. This case arises out of the shooting deaths of Robert Walters and Joseph Shoemake, which occurred October 7, 1994, in the Second Judicial District of Jones County. As a result, Marvin McClendon was tried and convicted on two counts of murder, and sentenced to two consecutive terms of life imprisonment. The trial court denied McClendon's motion for a new trial. McClendon appeals and raises the following issues for consideration by this Court:

**A. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING THE DEFENDANT'S MOTIONS CHALLENGING THE LEGAL SUFFICIENCY OF THE EVIDENCE UNDER THE *WEATHERSBY* RULE?**

**B. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DECLINING**

**TO GIVE A MANSLAUGHTER INSTRUCTION?**

¶2. This Court finds that the issues raised by McClendon are without merit. Accordingly, the judgment of the trial court is affirmed. In addition, the State brings a cross-appeal, and argues that certain evidence should not have been admitted in McClendon's defense. However, because this Court affirms the conviction on direct appeal, the cross-appeal will not be addressed.

## II. LEGAL ANALYSIS

**A. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING THE DEFENDANT'S MOTIONS CHALLENGING THE LEGAL SUFFICIENCY OF THE EVIDENCE UNDER THE *WEATHERSBY* RULE?**

¶3. McClendon is the only living witness to the events surrounding the homicides *sub judice*. As such, McClendon contends that the trial court erred by not granting a directed verdict under the rule first announced in *Weathersby v. State,* 147 So. 481 (Miss. 1933):

> It has been for some time the established rule in this state that where the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.

*Thibodeaux v. State,* 652 So.2d 153, 166 (Miss. 1995)(quoting *Weathersby v. State*, 147 So. at 482).

¶4. Application of the *Weathersby* rule can only result in an acquittal when the defendant's version of the facts makes out a case of excusable homicide. *Id.* at 166. The *Weathersby* rule is a guide to the circuit judge in determining whether a defendant is entitled to a directed verdict. *Mallett v. State*, 606 So.2d 1092, 1094 (Miss.1992).

¶5. Even assuming that McClendon's version of the facts presented a case of justifiable homicide, there were contradictory facts which supported a murder conviction. Therefore, the application of the *Weathersby* rule does not mandate an acquittal as a matter of law.

¶6. The facts indicate that McClendon was riding in an automobile with the two victims. According to McClendon's voluntary statement, the driver reached backward and snatched McClendon's shirt. The passenger reclined his seat and grabbed McClendon. McClendon repeatedly asked the men to let him go, but they would not. He further stated that he "panicked" and shot the driver, and he shot the passenger in fear that the passenger was reaching for a gun that may have been concealed under the seat. He then pulled the bodies out of the vehicle and drove away.

¶7. However, the record indicates that the two victims were riding in a vehicle, when they stopped and unsuccessfully sexually propositioned McClendon's friend, Pruitt. Pruitt immediately told McClendon about the proposition, and McClendon looked at Pruitt as if Pruitt were "crazy". A few moments later, the men again drove past, and McClendon yelled for them to stop. McClendon, armed with a gun, then entered the vehicle with the two unarmed men and subsequently shot them. When

the authorities found the bodies, their personal effects were strewn, and one of the victim's pants had been pulled down around his ankles. McClendon later bragged to others about how he had killed the two men. Thus, there exists sufficient contradictory evidence to McClendon's statements, from which a jury could have believed McClendon was the aggressor and committed murder. Therefore, McClendon's argument on this point is without merit.

## B. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DECLINING TO GIVE A MANSLAUGHTER INSTRUCTION?

¶8. McClendon also argues that the trial judge erred in refusing to give the State's proposed manslaughter instruction. The trial judge noted that the facts would support either a murder or a manslaughter instruction, and refused the manslaughter instruction. The trial judge then made the following statement to defense counsel: "I assume you don't want this [manslaughter instruction]?" McClendon's attorney replied, "No, sir, we don't desire a manslaughter instruction in the case. We object to it." McClendon now argues that he was entitled to a manslaughter instruction.

¶9. McClendon's argument is basically an ineffective assistance of counsel claim. In the recent and factually identical case of **Hiter v. State**, this Court held that such a claim is without merit. **See Hiter v. State**, 660 So.2d 961, 965 (Miss. 1995). In **Hiter**, as in the case *sub judice*, the defendant declined a manslaughter instruction and pursued a strategy that forced the jury to choose between convicting the defendant of murder, or accepting the proffered theory of self-defense. **Hiter**, 660 So. 2d at 965.

¶10. The **Hiter** decision made absolutely clear that, where defense counsel's objection to a manslaughter instruction is part of trial strategy, the mere fact that there was sufficient evidence on the record to support the manslaughter instruction does not require reversal:

> It is clear from the record of facts that there was an evidentiary basis for a manslaughter instruction. Despite the strong evidentiary basis for the submission of such an instruction, it is equally clear from the record that counsel purposefully prevented the jury from considering the lesser included offense. . . .
>
> *Counsel's decision to refuse a manslaughter instruction, coupled with his decision to employ a defense based entirely on self-defense, was apparently his chosen strategy of representation. Attorneys are permitted wide latitude in their choice and employment of defense strategy.*

**Hiter**, 660 So.2d at 965 (emphasis added).

¶11. The trial judge in this case properly refused to give the State's proposed instruction on the lesser-included offense of manslaughter, where defense counsel objected to such an instruction. **See Hiter v. State**, 660 So.2d 961 (Miss. 1995). To rule otherwise, would require an instruction on the lesser-included offense of manslaughter, regardless of whether such an instruction is advantageous to the defendant accused of murder. This Court has recognized that refusing an instruction on a lesser-included offense can sometimes be a sound trial tactic on the part of the defense. **See Id.** Therefore, McClendon's claim to the contrary is without merit.

### III. CONCLUSION

¶12. The issues raised by the appellant are without merit. Therefore, the judgment of the trial court is

affirmed, and the issue raised by the State on cross-appeal need not be addressed.

¶13. **COUNT I: CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. COUNT II: CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SENTENCE IN COUNT II TO RUN CONSECUTIVE TO LIFE IMPRISONMENT IN COUNT I.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. WALLER, J., NOT PARTICIPATING.**