# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-KA-00779-SCT

*DEWAYNE A. FAIRLEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/27/2002 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JULIE ANN EPPS |
| | SAMUEL H. WILKINS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | RICHARD D. MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/20/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., CARLSON AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     DeWayne A. Fairley was convicted by a jury in the Circuit Court of Rankin County of murder and sentenced to serve a life sentence in the custody of the Mississippi Department of Corrections. Aggrieved by this conviction and sentence, Fairley raises the following issues on appeal:

> I.     WHETHER FAIRLEY'S CONVICTION SHOULD BE REVERSED DUE TO INSUFFICIENT EVIDENCE.
>
> II.     WHETHER THE TRIAL COURT ERRED IN REFUSING FAIRLEY'S CULPABLE NEGLIGENCE MANSLAUGHTER INSTRUCTION, D-5.

III.     WHETHER THE TRIAL COURT ERRED IN ALLOWING OFFICER DAVID RUTH TO TESTIFY AS AN EXPERT WITNESS.

## FACTS

¶2.      On March 4, 2001, DeWayne A. Fairley and his girlfriend, Sonja Stapleton, left her mother's house in Mendenhall and were driving to the casinos in Vicksburg when an argument ensued. Stapleton began yelling at Fairley; he then retrieved his gun from the glove compartment and placed it in his lap. When Stapleton continued to yell at Fairley, he cocked the gun and pointed it at her. According to Fairley, the gun accidently discharged and struck Stapleton in the head. Stapleton died from the gunshot wound.

¶3.      Fairley then stopped the vehicle, opened the passenger door, and shoved Stapleton's body out of the car and onto the road. Although already deceased, Stapleton was struck by a subsequent vehicle. Fairley then drove to Hattiesburg, checked into a hotel, and stayed the night. The next day he returned to Brandon, telephoned the police, turned himself in, and confessed to shooting Stapleton.

## DISCUSSION

I.      SUFFICIENCY OF THE EVIDENCE

¶4.      Fairley asserts that there was insufficient evidence presented at trial to support his conviction for murder. Fairley contends that, under the facts of this case, the *Weathersby* Rule should have been applied and he should have been granted a directed verdict, peremptory instruction, judgment notwithstanding the verdict and/or a new trial based on the insufficiency of the evidence.

¶5.    In *Weathersby v. State*, 165 Miss. 207, 147 So. 481, 482 (1933), this Court stated:

> [W]here the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by

2

the physical facts or by the facts of common knowledge.

This decision and language has since been referred to as the *Weathersby* Rule. "Defendants have often cited and argued application of the *Weathersby* Rule, but seldom have they prevailed. Usually, a factual issue is presented which requires submission of the case to the jury."*Buchanan v. State,* 567 So.2d 194, 196 (Miss. 1990).

¶6.     In the case at bar, factual issues were proffered which mandated submission to a jury namely, how Fairley came to have the gun in his left hand at the time of the incident. In one version Fairley said that Stapleton gave it to him at his request; in the other version he said that he took the gun from the glove box. Fairley also stated that the gun just went off while he was pulling back on the hammer of the weapon, this testimony was contradicted by the State's expert witness. Where conflicting stories are given about a homicide by the accused, the *Weathersby* Rule does not apply,*Taylor v. State*, 795 So.2d 512, 516-17 (Miss. 2001). We reject Fairley's assertion that the *Weathersby* Rule is applicable to the case at hand.

¶7.     After careful review of the record, we conclude that there is sufficient evidence to support the verdict of murder. The facts indicate that Stapleton and Fairley began to argue, Fairley retrieved his gun from the glove compartment and placed it in his lap. When Stapleton continued to yell at Fairley, he cocked the gun and pointed it at her. The gun discharged, and the bullet struck Stapleton in the head fatally wounding her. Fairley stopped the vehicle and shoved Stapleton out of the car onto the road where she was struck by another vehicle. We find that these uncontested facts constitute ample evidence to support the verdict of murder.

¶8.     When a defendant has been found guilty by a jury, appellate authority is limited, and the verdict should not be overturned so long as there is "credible evidence in the record from which the jury could have

3

found or reasonably inferred each element of the offense." ***Davis v. State,*** 586 So.2d 817, 819 (Miss. 1991). The reviewing court is to examine all of the evidence in the light most favorable to the verdict. ***Yates v. State***, 685 So.2d 715, 718 (Miss. 1996). This Court finds the evidence presented at trial was sufficient to permit the verdict found by the jury.

## II. PROPOSED JURY INSTRUCTION D-5

¶9. Fairley asserts that the trial court erred in refusing to grant proposed jury instruction D-5, which would have directed the jury to consider manslaughter by culpable negligence. Proposed jury instruction D-5 stated:

> The Court instructs you that manslaughter by culpable negligence is a lesser included offense of the crime of murder which you may consider in this case. Not every negligent act, however, constitutes culpable negligence. Culpable negligence is of a higher degree than mere negligence and that which in civil cases is held to be gross negligence. It is characterized by negligence which exhibits or manifests more than an indifference to just any consequences. Culpable negligence is characterized by a wanton or reckless disregard or indifference under circumstances involving danger to human life. Therefore, before you may find the Defendant guilty of culpable negligence manslaughter, you must find beyond a reasonable that the acts of Defendant, not only caused the death of Sonia Stapleton, but that they manifested a wanton or reckless disregard for the safety to human life.

¶10. The court gave jury instruction S-6 which stated:

> The Court instructs the jury that the term "heat of passion" is defined as a state of violent and uncontrollable rage caused by certain provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.
>
> The passion felt by the person committing the act should be superinduced by some insult, provocation, or injury, which would naturally and instantly produce, in the minds of ordinarily constituted men, the highest degree of exasperation. In other words, passion and anger alone are not sufficient to reduce a crime from murder to manslaughter. Additionally, there must be such circumstances as would indicate that a normal mind would be roused to extent that reason is overthrown and passion usurps the mind destroying judgment.

4

¶11. "The trial court enjoys considerable discretion regarding the form and substance of jury instructions." ***Higgins v. State***, 725 So.2d 220, 223 (Miss. 1998). "A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence." ***Id.*** The record reflects that the trial court's refusal to grant proposed jury instruction D-5 was based on its assessment that Fairley did not adequately present a culpable negligence theory but more accurately presented a heat of passion theory.

¶12. We agree with the trial court. The uncontested facts reveal that the victim and Fairley began to argue, he pointed his gun at the victim, pulled the hammer back and shot the victim. Fairley then callously shoved the victim's bleeding body onto the highway where she was subsequently struck by another vehicle. Fairley's ruthless actions occasioned the victim's demise. The sequence of events in the case at bar warrant a heat of passion jury instruction, not a culpable negligence manslaughter instruction. This Court finds that jury instruction S-6 more accurately supports the evidence submitted by Fairley. Additionally, Fairley has failed to demonstrate an abuse of discretion by the trial court's refusal to grant the proposed jury instruction D-5. We find this assignment of error is without merit.

### III. OFFICER RUTH'S TESTIMONY AS AN EXPERT WITNESS

¶13. Fairley alleges that the trial court erred when it allowed Officer Ruth to testify as an expert witness.

¶14. At trial, during direct examination, the State called Officer David Ruth to testify as a fact witness. Ruth was permitted to testify. However, when the State attempted to tender Ruth as an expert in the field of firearms, Fairley objected. The trial court sustained Fairley's objection on the ground that the State had not provided Ruth's name or the substance of his testimony to the defense as provided by the rules of discovery.

¶15.     Later, during its rebuttal case, the State recalled Ruth to testify to rebut Fairley's explanation of how the gun fired, he having testified in substance that the hammer was pulled back and the gun accidentally discharged without contact of the trigger. Following a bench conference, the trial court permitted Ruth's testimony reasoning that Fairley had "opened the door" for such testimony.

¶16.     The record indicates that Ruth only testified as to how the gun physically worked. Ruth detailed a characteristic common to revolvers, that being that they are designed not to fire except when the hammer is fully drawn back and firing in a single action. We conclude that Ruth was not testifying as an expert witness. According to M.R.E. 702, an expert witness is one whose testimony is about "scientific, technical, or other specialized knowledge . . . ." The testimony presented by Ruth required no particular skill or training and was not beyond the knowledge of a layman. Additionally, the testimony was given during rebuttal. The State is not required to disclose rebuttal witnesses in discovery. *Smith v. State*, 724 So.2d 280, 320 (Miss. 1998). Considering the overwhelming evidence of Fairley's guilt, it is inconceivable that Ruth's rebuttal testimony prompted the verdict. *See **Dancer v. State***, 721 So.2d 583, 590 (Miss. 1998). We find that this assignment of error is without merit.

## CONCLUSION

¶17.     We find that the arguments presented by Fairley are without merit, and we affirm the judgment entered by the trial court.

¶18.     **CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, EASLEY AND CARLSON, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**