784 So.2d 979 (2001)
Tony STEVENS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00873-COA.
Court of Appeals of Mississippi.
April 24, 2001.
Tony Stevens, Appellant, Pro Se.
*980 Office of the Attorney General by Deirdre McCrory, Jackson, Attorney for Appellee.
BEFORE KING, P.J., PAYNE, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. On January 15, 1998, the Circuit Court of Calhoun County entered a judgment of sentence on plea of guilty to information, finding Tony Stevens guilty of the charge of armed robbery with a deadly weapon in violation of Miss.Code Ann. § 97-3-79 (Rev.2000), and sentencing Stevens to a term of twenty-five years in the custody of the Mississippi Department of Corrections. Stevens submitted a motion to withdraw guilty plea on February 5, 1999. This motion was denied, and Stevens perfected this appeal. He raises two issues:
I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR AN OFFENSE WHICH APPELLANT NEVER ENTERED A PLEA OF GUILTY TO IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS PURSUANT TO THE 5TH, 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.
Finding error in the proceedings herein described, we reverse and remand.

FACTS
¶ 2. The criminal information filed against Stevens charged him with armed robbery in violation of Miss.Code Ann. § 97-3-79 (Rev.2000). The waiver of indictment signed by Stevens lists the charge of "assault with a deadly weapon." However, "assault with a deadly weapon" is stricken through and replaced with "armed robbery." It is not clear when this correction was made.
¶ 3. At Stevens's plea hearing, Stevens pled guilty on three separate charges, each unrelated to the others. Two of the charges dealt with burglary and attempted burglary. The third charge is the subject of this appeal. During the plea hearing, the trial judge repeatedly indicated that Stevens was pleading guilty to the charge of assault with a deadly weapon, never mentioning a charge of armed robbery. It was not until the trial court had accepted Stevens's plea of guilty that the prosecutor explained to the trial judge that the charge was armed robbery rather than assault with a deadly weapon.
THE COURT: I notice here that the recommendation on the aggravated assault is twenty-five years to serve to run concurrent with these other causes. Is that correct?
PROSECUTOR: That's correct, but it's not aggravated assault. It's armed robbery.
THE COURT: Armed robbery. Excuse me. I'm sorry. Thank you, Mr. Stallings.
¶ 4. The trial court then proceeded, sentencing Stevens to a term of twenty-five years in the custody of the Mississippi Department of Corrections.

I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR AN OFFENSE WHICH APPELLANT NEVER ENTERED A PLEA OF GUILTY TO IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS PURSUANT TO THE 5TH, 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
¶ 5. Stevens asserts that his plea was not knowing, intelligent and voluntary because *981 he thought that he was pleading guilty to assault with a deadly weapon, not armed robbery. The State counters that this issue was not properly included as grounds in Stevens's motion for withdrawal of his guilty plea, and it is therefore barred from appellate review. Bogan v. State, 754 So.2d 1289, 1294 (¶ 19) (Miss.Ct.App.2000). The motion asserts that Stevens received ineffective assistance of counsel and that his plea was not knowing, intelligent and voluntary, but it does not set forth any facts whatsoever in support of these assertions. The State argues that these circumstances limit this Court's scope of review to the issue of whether the trial court acted appropriately in dismissing Stevens's motion to withdraw guilty plea. While the State is correct in this assertion, we find it necessary to address this issue on its merits because sentencing a defendant on a crime to which he has not pled guilty and of which a jury has not found him guilty "would so offend notions of due process and fundamental fairness in the criminal process as to warrant notice as plain error." Bland v. State, 771 So.2d 961, 964 (¶ 8) (Miss.Ct.App.2000) (citation omitted).
¶ 6. As noted above, throughout the plea hearing, the trial court continuously stated that the crime with which Stevens was being charged was assault with a deadly weapon. The first mention of a charge of armed robbery came after the trial court had accepted Stevens's guilty plea. The crime of assault with a deadly weapon carries a minimum penalty of one year and a maximum penalty of twenty years, Miss. Code Ann. § 97-3-7(2) (2000), while the crime of armed robbery carries a minimum penalty of three years and a maximum penalty of life imprisonment. Miss.Code Ann. § 97-3-79 (2000).
¶ 7. The Mississippi Supreme Court has held that in order for a guilty plea to pass constitutional muster
[i]t is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it affects him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty.
Gilliard v. State, 462 So.2d 710, 712 (Miss. 1985) (citing Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)). Furthermore, "[i]t is the duty of the trial court to address the defendant personally and to inquire and determine... [t]hat the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law." U.R.C.C.C. 8.04(A)(4)(b).
¶ 8. It is evident from the record that, throughout the plea hearing, the trial court was under the impression that Stevens was pleading guilty to assault with a deadly weapon rather than armed robbery. It also appears that Stevens was under the impression that he was pleading guilty of assault with a deadly weapon. In fact, nothing in the record indicates that Stevens ever pled guilty to a charge of armed robbery. Because of this obvious misunderstanding, it was impossible for the trial court to find that Stevens understood "the nature and consequences of the plea, and the maximum and minimum penalties provided by law." Id.
¶ 9. Before accepting Stevens's guilty plea, the trial court asked Stevens to explain the circumstances surrounding the disputed charge. Stevens gave the following summation:
I worked out on the premises of Memphis Hardwood and was standing behind some lumber. A lot of lumber was around, and you know, I was having second thoughts about doing it, and as I was fixing to leave, he came out from Randy's little office, and you know, he *982 scared me. So, I just turned around and pointed the gun at him, told him, you know, to lay down and put his hands up in the air. I told him to lay down again, and he started walking at me, walking toward me with his hands up. And so, I was scared and just pulled the trigger, and when I shot him, I told him to lay down, and then, I started to get his wallet. I could have got it, but I didn't get it. I just left him. Before I left, I told him I was sorry; I didn't mean to do that, and I left, left the premises.
¶ 10. The actions described above do not constitute an armed robbery. A person is guilty of armed robbery when he does "feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon." Miss.Code Ann. § 97-3-79 (Rev.2000). Stevens did not admit to taking the victim's wallet. While Stevens did state that he "started to get his wallet," he also stated that he "could have got it, but [that he] didn't get it." Stevens did not describe, nor was there any evidence of, an extraneous cause that prohibited him from completing the crime of armed robbery. Gibson v. State, 660 So.2d 1268, 1270 (Miss.1995). Thus, Stevens's account of the events giving rise to his prosecution does not adequately describe either the crime of armed robbery or an attempt thereof.
¶ 11. The Mississippi Supreme court has stated:
a factual basis is an "essential part of the constitutionally valid and enforceable decision to plead guilty." This factual basis cannot simply be implied from the fact that the defendant entered a plea of guilty. Rather, there must be an evidentiary foundation in the record which is "sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." Unless courts are satisfied that such a factual basis exists, they are admonished not to enter judgment on a plea of guilty.
Lott v. State, 597 So.2d 627, 628 (Miss. 1992) (citations omitted). Stevens did not provide an adequate factual basis for the crime of armed robbery, so his guilty plea is constitutionally invalid and unenforceable.

II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.
¶ 12. The disposition of the case on the issue above renders discussion of this assignment of error moot.
¶ 13. For the above and foregoing reasons, we reverse and remand.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY.