840 So.2d 785 (2003)
Tony STEVENS a/k/a Tony Stevenson a/k/a Tony Stephenson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KP-00123-COA.
Court of Appeals of Mississippi.
March 18, 2003.
Tony Stevens (Pro se), attorney for appellant.
*786 Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
SOUTHWICK, P.J., for the court:
¶ 1. Tony Stevens was convicted of armed robbery by a Calhoun County Circuit Court jury. On appeal Stevens argues that the State failed to establish the essential elements of the crime, that an improper closing argument was made by the State, and that a separate sentencing phase needed to be conducted. Finding no merit in Stevens' claims, we affirm the conviction.

FACTS
¶ 2. On the evening of December 18, 1997, Stevens approached Leon Prestage, the night security guard of a mill yard, threatened him with a gun and demanded Prestage turn over his money. Prestage said that he had no money. Stevens then shot him in the stomach and fumbled for the guard's wallet as Prestage lay on the ground. Stevens fled without having taken anything from his victim. He was arrested a few days later and confessed to the events just described.
¶ 3. Stevens was convicted after a jury trial. Even though his trial counsel perfected the appeal, Stevens proceeds pro se after having discharged his attorney.

DISCUSSION
¶ 4. We will discuss Stevens' assignments of error after reviewing his motion to supplement his initial brief. Stevens alleges that new evidence has come to his attention since the filing of his original brief. What he only recently had learned was this: a written statement was not taken from the victim at the time of the crime, a warrant was never issued for his arrest, the victim never completed an affidavit to support an arrest warrant, and the substance of the victim's testimony was never submitted to him during discovery. Because of these failures, Stevens claims he was taken completely by surprise by the victim's trial testimony.
¶ 5. A party wishing to submit additional briefs must seek leave of the appellate court. M.R.A.P. 28(c). The grant or denial of such leave is discretionary with this court. After a review of Stevens' claim of new evidence and the record as a whole, we decline to grant such leave. Nothing is raised that justifies further briefing and a response from the State.

1. Essential elements of the crime charged
¶ 6. Stevens alleges that the State failed to prove all the essential elements of the crime of armed robbery. Thus he challenges the sufficiency of the evidence. Stevens bases this claim upon the language from the initial appellate opinion in this prosecution. Stevens v. State, 784 So.2d 979 (Miss.Ct.App.2001). That conviction was based on the same events of December 1997.
¶ 7. The earlier appeal followed Stevens' guilty plea to the charge of assault with a deadly weapon. After the court accepted the plea, the State indicated that the correct charge was for armed robbery, rather than the lesser offense of assault with a deadly weapon. Stevens immediately attempted to withdraw his guilty plea but the circuit court denied the motion. Stevens then pursued post-conviction relief in this court. We reversed, holding that, due to the confusion over the crime to which Stevens had actually agreed to plead guilty, the plea was not sufficiently knowing and voluntary. We also noted that Stevens' statements in open court did not provide an adequate factual basis: "Stevens' *787 account of the events giving rise to his prosecution does not adequately describe either the crime of armed robbery or an attempt thereof." Id. at 982.
¶ 8. Our prior holding did not mean that Stevens could not, after a trial, be found guilty of armed robbery. At the plea hearing, the court had only Stevens' statement that he did not mean to shoot Prestage and changed his mind about taking the wallet. The limits of that statement taken in conjunction with the confusion over the crime to which he was pleading guilty, required reversal.
¶ 9. At the trial following our remand, the trial court had the testimony of the victim and a police officer who read Stevens' confession into evidence. For guilt of armed robbery, the State had to prove that the defendant took or attempted to take from the person or from his presence the personal property of another and against his will by violence or by putting the person in fear of immediate injury by the exhibition of a deadly weapon. Miss. Code Ann. § 97-3-79 (Rev.2000).
¶ 10. Prestage's testimony established that Stevens attempted to take his wallet against his will. Stevens did more than merely exhibit a deadly weapon. He used one. The fact that Stevens left the scene after having been thwarted in the robbery but not in the violence is immaterial. The statute allows convictions for attempts to take the property of another. Each element of the crime was confirmed by Stevens himself in his signed confession to police. The evidence was sufficient.

2. Improper closing argument
¶ 11. Stevens argues that the State's closing argument was improper because it focused upon the elements of the crime of aggravated assault rather than for armed robbery. However, Stevens did not object to the content of the State's closing argument and thus failed to preserve the point for appellate review. Dunaway v. State, 551 So.2d 162, 165 (Miss. 1989). There was nothing so significant in the argument as to deny Stevens' fundamental rights such as to overcome the procedural bar. Thus we do not further address the issue.

3. Sentencing hearing
¶ 12. The trial court did not conduct a separate sentencing hearing after the jury verdict. This allegedly denied Stevens a fair trial. No separate hearing was needed. The jury fixed his sentence at life imprisonment. That was within their discretion for a charge of armed robbery. Since Stevens was an habitual offender, with three prior convictions for burglary, the life sentence was without possibility of parole. Miss.Code Ann. § 99-19-81 (Rev.2000). There was no purpose to be served by a sentencing hearing, and its absence was not error.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.