800 So.2d 1249 (2001)
Cedric L. THOMPSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00868-COA.
Court of Appeals of Mississippi.
November 27, 2001.
*1250 Ronald M. Kirk, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
LEE, J., for the Court.
¶ 1. Cedric Thompson was found guilty of possession of cocaine while in possession of a firearm, and he was sentenced to serve a term of six years in the custody of the Mississippi Department of Corrections. *1251 Feeling aggrieved, Thompson filed a timely appeal and presents the following issues: (1) whether the jury's verdict was supported by the weight of the evidence, (2) whether the trial judge abused his discretion when he denied Thompson's motion for a new trial when new and material evidence had been discovered, (3) whether the trial judge abused his discretion regarding the admission of evidence, and (4) whether the trial judge erred in the granting of jury instructions. We determine that issue one is without merit and issues two, three and four are procedurally barred. Accordingly, we affirm the verdict rendered in the trial court.

FACTS
¶ 2. In July of 1997, a search warrant was executed by the narcotics unit of the Canton Police Department on the residence of Cedric Thompson. Thompson was renting the house; however, Thompson asserted that Stevie Bush and Henry Shelton also lived at the house. Nevertheless, the officers who conducted surveillance on the residence prior to obtaining the warrant testified that they had not seen anyone else enter the residence.
¶ 3. Officer Randy Tucker was one of the officers involved in the execution of the search warrant. Tucker testified he and several other officers went to Thompson's residence to execute the search warrant. As they approached the residence, he saw Thompson on the front porch. Thompson turned and ran back inside the house. He and Officer Willie Harper followed him into the house and discovered Thompson standing in a bedroom next to a bed.
¶ 4. On the floor next to Thompson and the bed, Tucker discovered a small ziploc bag containing several rocks of cocaine approximately a foot from where Thompson was standing. There was testimony that not only was Thompson in the bedroom at the time of the discovery of the cocaine, but there was also a young female located on the couch. The search of the residence continued.
¶ 5. Officer Harper lifted the couch that was located in the bedroom. A TEC-9 millimeter, automatic weapon was discovered under the couch, as well as an additional rock of crack cocaine.
¶ 6. Officer Harper testified regarding the execution of the search warrant. Harper reiterated the testimony of Tucker; however, he did not recall the discovery of the second rock of cocaine which Officer Tucker stated he found under the couch.
¶ 7. Testimony from an employee with the Mississippi Crime Lab confirmed that the substance found by the officers contained cocaine.
¶ 8. Thompson testified on his own behalf and asserted that Stevie Bush and Henry Shelton had lived in the house with him since January of 1997. He contended that the bedroom in which the cocaine and the firearm were found was Bush and Shelton's roomnot his. Thompson testified that he was only in that room because he had been directed by Officer Tucker to sit on the couch located in the bedroom. Thompson denied having any cocaine and stated that if cocaine was found in the residence it was either planted by Officer Tucker or belonged to Stevie Bush.

DISCUSSION

I. WHETHER THE JURY'S VERDICT WAS SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
¶ 9. Thompson frames his issue as one addressing the weight of the evidence; however, the content of the argument involves the sufficiency of the evidence. Therefore, we will address both arguments.
*1252 ¶ 10. Trial counsel for Thompson did not file a motion for judgment notwithstanding the verdict; therefore, we must examine the sufficiency of the evidence from the time of his motion for directed verdict. To test the sufficiency of the evidence,
we must, with respect to each element of the offense, consider all of the evidence not just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Wetz v. State, 503 So.2d 803, 808 (Miss. 1987) (citations omitted).
¶ 11. Thompson argues the evidence was insufficient under the law of constructive possession to prove that he had dominion and control over the cocaine and the firearm. In Naylor v. State, 730 So.2d 561 (Miss.1998), the Mississippi Supreme Court discussed numerous cases dealing with constructive possession and the sufficiency of the evidence. The following is a segment from that discussion:
In Jones v. State, this [c]ourt discussed the theory of constructive possession stating that:
Since Jones was not caught in actual possession, the rules concerning constructive possession come into play, as stated by this [c]ourt in Pool v. State, 483 So.2d 331, 336-37 (Miss.1986);
The theory of constructive possession has been explained, in Curry v. State, as follows:
[T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject due to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
The theory was further defined in Hamburg v. State, that "one who is the owner in possession of the premises ... is presumed to be in constructive possession of the articles found in or on the property possessed." This presumption is rebuttable, however, and does not relieve the State of its burden to prove guilt beyond a reasonable doubt. Thus, `[w]here the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband.'
In Ferrell v. State, this [c]ourt again reversed and rendered a conviction for possession of crack cocaine where the State provided insufficient evidence that Ferrell, who was not the owner of the car in which the drugs were found, possessed the contraband. The [c]ourt noted that Ferrell did have dominion and control over the car, but that because he was not the owner of the car, `the State was required to establish additional incriminating circumstances in order to prove constructive possession.' Further, the [c]ourt stated:

*1253 By definition, the State must show additional circumstances that are actually incriminating in order to establish constructive possession. The circumstances cited in this case in no way appear incriminating. No drug paraphernalia was found in the car, Ferrell was not on drugs at the time he was arrested, and his fingerprints were not found on the matchbox. He was merely seated in the car next to what by all accounts appeared to be an ordinary matchbox ...
Naylor, 730 So.2d at 565-66 (¶¶ 26-30) (citations omitted). Our case is distinguishable from the above cases. In the case at bar, Thompson was in close proximity to the cocaine and the firearm at the time of their discovery, and there were additional circumstances present which incriminated Thompson.
¶ 12. Thompson admitted that he rented and lived at the house at the time the search warrant was executed. However, Thompson asserted he had roommates at the time the warrant was executed and that the drugs and firearm were not his. Instead, Thompson claimed the drugs were present in the bedroom because either they had been planted by Officer Tucker or belonged to one of his roommates. Nonetheless, the testimony of the officers indicated that prior to obtaining the search warrant they had conducted a period of surveillance. This surveillance occurred for approximately three weeks at various times in the day. During the surveillance the officers had not witnessed Thompson's alleged roommates coming and going from the house. The officers's testimony is further buttressed by the fact that although Thompson testified he had roommates who occupied the bedroom where the drugs and firearm were found, no one else testified to support his assertion.
¶ 13. Thompson testified that he was inside the house standing in the hallway and when the officers arrived he was instructed by them to sit on the couch in the bedroom. However, to the contrary, there was testimony that Thompson was standing on the front porch when the officers arrived with the warrant, and he fled into the house where he was located standing in the bedroom.
¶ 14. Trial testimony revealed that he was standing in the bedroom approximately one foot away from the cocaine. He was also in close proximity to the additional cocaine and firearm that was discovered underneath the couch. We note that there was testimony presented that a young female was present in the bedroom at the time the search warrant was executed, but neither the State nor Thompson asserted she had any involvement with either the cocaine or the firearm. We conclude there was sufficient evidence for a reasonable and fair-minded jurors to find Thompson guilty of possession of cocaine while in possession of a firearm. Consequently, the trial judge was required to leave the determination of guilt or innocence to the jury.
¶ 15. The next contention is that the trial judge erred when he denied the motion for a new trial. In Benson v. State, 551 So.2d 188, 193 (Miss.1989), the Mississippi Supreme Court provided the following explanation of when it would grant a new trial:
This [c]ourt will not order a new trial "unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Factual disputes are properly resolved by the jury and do not mandate a new trial. Temple *1254 v. State, 498 So.2d 379, 382 (Miss. 1986).
A motion for a new trial is within the sound discretion of the trial court. Burge v. State, 472 So.2d 392, 397 (Miss.1985). It must be kept in mind that any discrepancies were properly resolved by the jury as fact finder because questions regarding weight and worth of witness testimony or witness credibility are for the jury to settle. Eakes v. State, 665 So.2d 852, 872 (Miss.1995). This Court accepts as true all evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Id. Although the recitation within the "facts" section of this opinion shows there was conflicting evidence, upon reviewing all of the evidence we find that the trial court did not abuse its discretion in denying the motion for new trial. Accordingly, this issue is without merit.

II. WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THOMPSON'S MOTION FOR A NEW TRIAL WHEN NEW AND MATERIAL EVIDENCE HAD BEEN DISCOVERED.
¶ 16. In this issue, Thompson asserts that the motion for new trial should have been granted because new and material evidence had been discovered. It appears that appellate counsel for Thompson is not exactly sure what evidence was discovered. Indeed, a review of the motion for a new trial reveals that such evidence is not enumerated in the motion. The record also fails to contain a trial transcript regarding a hearing on the motion, and the order rendered by the judge fails to provide us with any additional information on this matter. Appellate counsel for Thompson attempts to guess what evidence trial counsel might have been referring to in the vague assertion of errors stated in the motion for a new trial.
¶ 17. The State attempted to address and analyze this issue as one of ineffective assistance of counsel. We disagree with the State's approach. Nonetheless, Thompson is given no relief, because we determine that the record is insufficient and the issue is procedurally barred.
¶ 18. "In Hansen v. State, 592 So.2d 114, 127 (Miss.1991), this Court stated: `It is elementary that a party seeking reversal of the judgment of a trial court must present this court with a record adequate to show that an error of reversible proportions has been committed and that the point has been procedurally preserved.'" Smith v. State, 729 So.2d 1191, 1201 (¶ 38) (Miss.1998) (citation omitted). Thompson has failed to preserve and present an adequate record for this Court's review. When the record fails to disclose that the party has presented the issue for a decision by the trial judge it is procedurally barred from review by the appellate court. See Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). Therefore, this issue is procedurally barred.

III. WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION REGARDING THE ADMISSION OF EVIDENCE.

AND

IV. WHETHER THE TRIAL JUDGE ERRED IN THE GRANTING OF JURY INSTRUCTIONS.
¶ 19. Originally, trial counsel made only blanket assertions regarding the admission of evidence and the granting of jury instructions. The portions of the motion pertaining to these issues do not specifically enumerate what evidence was improperly admitted or what jury instructions should not have been granted. *1255 Therefore, once again, appellate counsel has had to resort to guessing what specific errors if any were committed and then considered by the trial judge regarding Thompson's motion for a new trial. However, this attempt by counsel is not enough; for the same reasons as stated in issue two, issues three and four are procedurally barred.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF POSSESSION OF COCAINE WHILE IN POSSESSION OF A FIREARM AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.