817 So.2d 608 (2002)
Lavern A. GRAY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00203-COA.
Court of Appeals of Mississippi.
May 14, 2002.
*610 James D. Minor, Oxford, James O. Ford, Tupelo, attorneys for appellant.
Office of the Attorney General by Wayne Snuggs, Jackson, attorney for appellee.
Before KING, P.J., BRIDGES, MYERS, and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. Lavern Gray was arrested for the murder of Bobby Scott, Jr. Gray was convicted in the Circuit Court of Lee County, Honorable Frank A. Russell presiding, and sentenced to serve a life sentence in the Mississippi Department of Corrections. Gray filed a motion for new trial which was summarily denied by the trial court. Aggrieved by this decision, Gray perfected the present appeal asserting the following issues:
1. WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS LEGALLY SUFFICIENT TO SUPPORT A CONVICTION OF MURDER;
2. WHETHER THE VERDICT REACHED BY THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE; AND
3. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT GRAY A WEATHERSBY INSTRUCTION.

STATEMENT OF FACTS
¶ 2. Lavern Gray stabbed her live-in boyfriend of nine years, Bobby Scott, Jr., on November 28, 1999. Gray stated at trial that Scott had taken forty dollars from her purse earlier the same day and that she telephoned Scott's sister looking for him one time during the day. Gray further testified that she went out for a while that evening and returned to find Scott waiting for her in their apartment. Gray stated that Scott was suspicious that she was having an affair and hit her in the face and then attempted to pull her pants down to determine if she had been with another man. Gray then testified that she managed to get away from Scott and ran into the kitchen where she grabbed a knife which she placed in her jeans pocket. Gray stated that she then ran down the stairs followed closely by Scott who caught her from behind and began choking her. Gray stated that she then pulled the knife from her pocket and stabbed Scott.
¶ 3. At trial the State offered the testimony of Scott's sister who stated that Gray called her house three times looking for Scott and that on the last occasion Gray stated that she was going to kill Scott. The State also offered the testimony of a police officer who testified that he had taken photographs of the wounds Gray stated she suffered during this incident. The State then had another police officer testify that Scott and Gray had been in a car wreck the previous day. The State also offered the testimony of a pathologist who testified that the wounds allegedly suffered by Gray when she was hit by Scott were actually suffered in the car accident the previous day as the wounds were not fresh and evidenced signs of healing. *611 Finally, the State offered the testimony of Rene Metcalf who was visiting a friend in the apartment downstairs from Gray and Scott's apartment. Metcalf testified that she observed Scott come down the stairs first followed by Gray. Metcalf further testified that she heard Gray say that she was going to kill Scott. Finally, Metcalf heard Gray tell her friend who owned the apartment to call 911 because Gray killed her "husband." Gray was found guilty and sentenced to serve a life term in the custody of the Mississippi Department of Corrections. Gray moved for a new trial. The trial court denied this motion and Gray filed the present appeal.

LEGAL ANALYSIS

1. WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS LEGALLY SUFFICIENT TO SUPPORT A CONVICTION OF MURDER.
¶ 4. Gray contends in her first point of error that the evidence presented at trial was legally insufficient to support a conviction of murder as there was no evidence of malice or deliberate design as required in Miss.Code Ann. § 97-3-19(1)(a) (Rev.2000). Deliberate design or malice is a necessary element of murder. Id. Gray challenged the legal sufficiency of the evidence in her motion for directed verdict. Edwards v. State, 800 So.2d 454, 463 (¶ 20) (Miss.2001). Reversal because the evidence was legally insufficient to support the verdict is required where the "evidence of one or more of the elements of the charged offense is such that `reasonable and fair minded jurors could only find the accused not guilty.'" Id. The evidence is viewed in the light most favorable to the verdict returned against the defendant and the prosecution is given the benefit of all favorable inferences that may be reasonably derived from the evidence. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). The State presented two witnesses that testified that Gray threatened to kill Scott on two separate occasions on the day of the incident. A defendant's statement that she wanted to kill the victim made prior to the fatal incident is evidence of malice. Dobbins v. State, 766 So.2d 29, 33 (¶ 11) (Miss.Ct.App.2000). The evidence presented at trial was legally sufficient to support a murder conviction. This issue is without merit.

2. WHETHER THE VERDICT REACHED BY THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 5. Gray next contends that the verdict returned against her was against the overwhelming weight of the evidence. Gray challenged the weight of the evidence with a motion for new trial. This Court will reverse denials of motions for new trial where the trial court abused its discretion. Miller v. State, 801 So.2d 799, 802 (¶ 14) (Miss.Ct.App.2001). The evidence supporting the verdict is viewed as true and the verdict will not be disturbed unless it is so contrary to the overwhelming weight of the evidence that to allow it to stand would work an unconscionable injustice. Baker v. State, 802 So.2d 77, 81 (¶ 14) (Miss.2001). Factual disputes presented by contrary evidence are properly resolved by the jury. Thompson v. State, 800 So.2d 1249, 1253 (¶ 15) (Miss.Ct.App. 2001).
¶ 6. At trial the State offered the testimony of Scott's sister who stated that Gray called her house three times and on the last occasion threatened to kill Scott. The State also offered the testimony of a pathologist who stated that the wounds observed on Gray's body were suffered in the car accident the previous day. Finally, the State offered the testimony of Rene Metcalf who was visiting a friend in the *612 apartment downstairs from Gray and Scott's apartment. Metcalf stated that Scott came down the stairs first immediately followed by Gray. Metcalf further testified that she heard Gray threaten to kill Scott as well as Gray's plea for someone to call 911 because she stabbed her husband. The State presented sufficient evidence for the jury to find that Gray murdered her "husband." The verdict is not against the overwhelming weight of the evidence. This issue is without merit.

3. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT GRAY A WEATHERSBY INSTRUCTION.
¶ 7. Gray's final contention is that the trial court erred when it refused to grant her proposed Weathersby instruction. The so-called Weathersby instruction originated in the case of Weathersby v. State, 165 Miss. 207, 147 So. 481, 482 (1933), in which the supreme court established that "where the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge." Weathersby, 147 So. at 482. "The Weathersby rule is only applicable where the defendant's version is reasonable, unopposed by other testimony and is uncontradicted by the physical evidence." Turner v. State, 796 So.2d 998, 1002 (¶ 14) (Miss.2001). Where the Weathersby rule applies, the defendant is entitled to a directed verdict of acquittal. Green v. State, 631 So.2d 167, 174 (Miss.1994). Where the defendant's story is materially contradicted, the Weathersby rule does not apply and the defendant's guilt or innocence is determined by the jury. Id. Gray's testimony was materially contradicted by the testimony of Metcalf who testified that Scott came downstairs first, followed by Gray and that Gray threatened to kill Scott as she was coming down the stairs. The Weathersby rule has no application and Gray was not entitled to an instruction on that principle of law. This issue is without merit.

CONCLUSION
¶ 8. The evidence presented at trial was legally sufficient to support the murder conviction. The verdict returned by the jury was not against the overwhelming weight of the evidence. The jury serves as the fact-finder and resolves any factual disputes created by conflicting testimony. Thompson, 800 So.2d at 1253 (¶ 15). Finally, Gray was not entitled to a Weathersby rule instruction as her testimony was materially contradicted by the State's witnesses.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.