LEE, J.,
for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Curtis Turner, while being taped and watched by undercover agents in a “sting” operation, was arrested for selling cocaine to a confidential informant. On April 14, 2000, a jury in the Circuit Court of Lafayette County found Turner guilty of the sale of cocaine. Turner was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with five years suspended. Turner was also ordered to pay a five thousand dollar fine and be placed on five years’ post-release supervision. Turner appeals his conviction, raising the following issues: (1) the lower court erred in denying his motion for a judgment notwithstanding the verdict because the evidence was not sufficient to support the conviction; (2) the sentence imposed constitutes cruel and unusual punishment; and (3) the cumulative effect of all the errors denied him a fair trial. Turner failed to address the second issue in his brief; therefore, we decline to address *575 that issue here. Finding no merit to the first and third issues, we affirm.
I. DID THE LOWER COURT ERR IN DENYING TURNER’S MOTION FOR A JNOV?
¶ 2. Turner initially contends that the State’s evidence was legally insufficient to support the guilty verdict. However, Turner’s argument fails to discuss the insufficiency of the evidence, instead he focuses solely on the admission of the tape recording at trial. Specifically, Turner claims the State failed to establish chain of custody of the tape recording and to authenticate the voice on the tape. When testing the legal sufficiency of the state’s evidence, the applicable standard of review is as follows: “the court must review the evidence in the light most favorable to the [S]tate, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence.” McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court will reverse only when reasonable and fair-minded jurors could find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 3. However, in Hansen v. State, the court stated “it is elementary that a party seeking reversal of the judgment of a trial court must present this court with a record adequate to show that an error of reversible proportions has been committed and that the point has been proeedurally preserved.” Hansen v. State, 592 So.2d 114, 127 (Miss.1991). If the record does not show that the defendant has presented the issue at trial, then the defendant is proeedurally barred from raising the issue or objection on appeal. Thompson v. State, 800 So.2d 1249 (¶ 18) (Miss.Ct.App.2001).
¶ 4. According to the record, Turner failed to object when the tape recording was offered into evidence and also failed to object when the confidential informant identified Turner’s voice on the tape recording. Turner’s only objection was to the use of a transcription of the tape for the jury, not to the voice identification or chain of custody. Furthermore, Turner failed to raise any of these issues in his post-trial motion.
¶ 5. In Gatlin v. State, the defendant failed to raise a contemporaneous objection to the admittance of a letter into evidence and, consequently, he waived the argument for appeal purposes. Gatlin v. State, 724 So.2d 359 (¶ 43) (Miss.1998). Finding that these arguments were waived for purposes of this appeal, we affirm.
II. DID THE CUMULATIVE EFFECT OF ALL THE ERRORS DENY TURNER A FAIR TRIAL?
¶ 6. Finding Turner’s argument to be without merit, we find no cumulative error that would necessitate a reversal. Therefore, we affirm.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED, A FIVE THOUSAND DOLLAR FINE, AND FIVE YEARS’ POST RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.